IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV327-MU

| | | |
|---|---|---|
| JESSICA McCLEAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| WARREN TADLOCK, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

This matter is before the court upon its own motion. Appellant Jessica McClean, former

attorney of the Debtor, filed her Notice of Appeal on June 13, 2016, appealing from an Order

entered by the bankruptcy court on June 2, 2016 sanctioning her, as well as attorney Joseph

Kosko and Volks Anwalt Law. The June 2 Order consisted of twenty one pages of findings of

fact and conclusions of law explaining in detail how the actions of McClean, Kosko, and Volks

Anwalt violated the Local Rules, as well as the North Carolina Rules of Professional Conduct,

and North Carolina law. The court described McClean's actions as egregious and offensive and

demonstrating "an utter disregard for the effect of this case on the Debtor."

Under Bankruptcy Rule 8009(b), appellant had 14 days after filing her notice of appeal to

file her designation of the record on appeal and statement of issues on appeal. Appellant has yet

to file or serve her designation and statement of issues.

Federal Rule of Bankruptcy Procedure 8003(a)(2) provides that "[a]n appellant's failure

to take any step other than the timely filing of a notice of appeal does not affect the validity of

the appeal, but is ground only for the district court or BAP to act as it considers appropriate,

including dismissing the appeal." The Fourth Circuit has stated that "it is clear that the district

court has within its discretion the power to impose sanctions including dismissal upon an appellant for not complying with the procedural requirements of the bankruptcy rules." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). Prior to dismissal of an appeal, however, the court should consider the following factors: (1) bad faith or negligence on the part of the appellant; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on other parties; and (4) indicate that the court considered the impact of the sanction and available alternatives. *Id.*

The court finds that appellant's failure to timely file and serve a designation of the record and statement of issues to be presented on appeal is in bad faith. It is abundantly clear from the record that the appellant has engaged in numerous violations of the North Carolina Rules of Professional Conduct and has caused serious harm to the Debtor. *See In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (finding that bad faith was "inferable from the overall behavior" of the appellant throughout the procedure.)

The Court further finds that the appellant has had ample opportunity since the filing of her notice of appeal to explain her failure make the required filings. As an attorney who actively markets her services to debtors, the appellant should be quite familiar with the bankruptcy rules. Given the appellant's egregious conduct, the court finds that giving the appellant the opportunity to explain such delay would not likely result in a reasonable or credible explanation and would not change the outcome of the court's decision.

The third prong of the *Serra Builders* test is satisfied because the Trustee is unable to administer and close the bankruptcy estate until this appeal is resolved. Finally, consideration of the fourth prong of the *Serra Builders* test indicates that dismissal is appropriate because any lesser sanction would have the perverse result of rewarding appellant for her failure to comply

with Bankruptcy Rule 8009.  If this court imposes any sanction other than dismissal, it will countenance appellant's "abuse [of] the judicial process by creating a procedural delay without any real threat of penalty." *In re Fitzsimmons*, 920 F.2d 1468, 1474 (9th Cir. 1990).

The record before this court establishes that appellant has failed to comply with mandatory provisions for prosecuting her appeal and dismissal is warranted. Accordingly,

IT IS THEREFORE ORDERED that this appeal is dismissed with prejudice.

Signed: August 8, 2016

Graham C. Mullen
United States District Judge